## WILLIAM FORD *v.* I. C. HAYES.

INSOLVENT DEBTOR MAY LAWFULLY PREFER ONE CREDITOR TO ANOTHER, and an assignment made by him for the benefit of some of his creditors to the exclusion of.others is valid, until proper proceedings are taken under the United States bankrupt act to avoid it.

ASSIGNMENT PREFERRING CREDITORS, MADE MORE THAN FOUR MONTHS prior to the institution of proceedings in bankruptcy, stands good in law.

APPEAL from the district court of the third judicial district, Maricopa county. The opinion states the case.

*John A. Rush,* for the appellant.

The question presented to the court in this case is, whether under existing bankrupt laws of the United States an insolvent can assign his property with a view to prefer creditors.

The appellant maintains that in so doing the insolvent commits a fraud, and that the assignment is void as to the other creditors. Voluntary assignments of property by an insolvent have for a long time been regarded by the courts with distrust and disfavor.

In the supreme court of California, in the case of *Chever* v. *Hays,* 3 Cal. 474, Chief Justice Murray says: "Assignments for the benefit of creditors (so called) have long been looked upon with jealousy, as a fruitful source of fraud and litigation, and the modern decisions have tended to discontinue rather than maintain them."

In referring to the giving of preference to creditors, Parsons says: "This is certainly opposed to the true principles of commercial policy, if not to natural justice."

Again, he says: "Such a preference always works injustice. It may only carry into effect a previous bargain or confidence; it may only pay a debt which it was agreed or understood should be paid at all events, whether others were or not, but this bargain or confidence was itself unfair."

In *Riggs* v. *Murray,* 2 Johns. Ch. 565, Chancellor Kent says: "As we have no bankrupt laws, the right of the insolvent to select one creditor and exclude another is applied to every case, and the consequences of such partial payments are extensively felt and deeply deplored:" 3 Parsons on Cont. 426, 427, and note *j,* p. 427.

Assignments by insolvents for the purpose of preferring creditors are fraudulent as against the policy of the bankrupt law. Kent, in his Commentaries, vol. 2, p. 532, says: "The validity of voluntary assignments of their property, by insolvent traders and others, has been another fruitful topic of discussion under a code of bankrupt laws. Such assignments giving preference are held to be fraudulent, for they interfere with its regulations and policy."

Parsons says: "The principles of the bankrupt and insolvent laws are directly opposite to this, and endeavor to prevent, or cure, the very mischief which the principle of preference causes. * * * It holds the property of an insolvent debtor not to be his own, but to the amount of the debt it is the money of another, and if he owes more than he can pay, his property belongs to his creditors, not to one more than another, but to all alike."

The bankrupt law provides for the distribution of the property of him who is unable to pay his debts. Persons contracting contract with a view to the law, and the law becomes a part of the contract. If this be so, the debtor who is unable to pay all, and contracts with one creditor for payment, to the exclusion of the others, perpetrates a fraud upon the others, and so does the creditor with whom he contracts, he being equally cognizant of the law. In support of the positions of appellant, counsel cites the following authorities: Bump's Bankruptcy, 466, 473, 511, 513, 529; 2 Kent's Com. 532, and note *d*, p. 392; 3 Parsons on Cont., text and notes, pp. 425–429; *Chever* v. *Hays*, 3 Cal. 472–474.

*G. H. Oury*, for the respondent.

An insolvent has a legal right to make an assignment of his property and prefer creditors. *Billings* v. *Billings*, 2 Cal. 107; *Dana* v. *Standford*, 10 Id. 269.

The making of a trust and acceptance by a trustee are sufficient, especially when accompanied by delivery and possession of the property; where no conditions are imposed on creditors, acceptance is presumed. The assignee having taken possession of the property, the trust becomes fixed and executed beyond the power of the assignor to defeat it. *Forbes* v. *Scannell*, 13 Cal. 242.

By Court, DUNNE, C. J.:

One Strode, being on the third of June, 1873, insolvent, preferred certain of his creditors, the plaintiff Ford being of the number, and assigned to Ford for himself, in trust for the other preferred creditors, certain property in payment of his indebtedness to them, and possession of the property was delivered, and it is admitted that the assignment was for the purpose of paying *bona fide* existing debts. Certain other creditors of Strode sued, and Hayes, the defendant herein, as sheriff, attached the property held by Ford under the assignment and sold the same upon execution, whereupon Ford sued the sheriff for the value of the property so taken from him, and got judgment therefor in the court below. Hayes, the sheriff, appeals.

Counsel for appellant claims, that under the existing bankrupt laws of the United States an insolvent can not prefer creditors. He cites Chancellor Kent, in *Riggs* v. *Murray*, 2 Johns. Ch. 565, to the effect that, " as we have no bankrupt laws, the right of the insolvent to select one creditor and exclude another is applied to every case, and the consequences of such partial payments are extensively felt and deeply deplored."

Appellant herein states what is undoubtedly the law, that unless a bankrupt act makes such assignments void they stand good, although they work a hardship on the creditors who are left out. We have the United States bankrupt law in force in this territory, which furnishes relief in such cases. But how? By declaring all such assignments void *per se?* By no means. The bankrupt law merely provides, that any creditor who has been left out in the case of an insolvent debtor assigning his property may file his petition, cause the insolvent debtor to be declared a bankrupt, have all assignments which were made to a creditor within four months, or to any other person within six months, prior to the filing of the petition set aside, bring the property into a common fund, and make an equal distribution of it; but even when a creditor proceeds strictly under the bankrupt act, he can not touch assignments to creditors made more than four months prior to the institution of the bankruptcy proceedings. In notes of decisions in Bump's Bankruptcy,

p. 471, it is declared: "After the lapse of four months, the preferences—simple preferences which an insolvent debtor may have made—are to be held valid as against all the world, so far as the preferred creditor is concerned." See the twelve cases therein cited.

But the appellant is not proceeding under the bankrupt act, and *its* provisions, therefore, afford him no relief in this case. The law views such assignments with an unfriendly eye, and legislatures pass bankrupt laws to enable a creditor to set them aside; but unless he proceed regularly under the bankrupt law they stand good. It is because they do stand good in law that bankrupt acts are necessary to enable a creditor to avoid them.

Judgment affirmed, with costs.